ORIGINAL <u>Cover Sheet</u> 1459-14

Able Acosta; Clerk
Court Of Criminal Appeals
Supreme Court Bldg
PO Box 12308 - 2308
Austin Tx 78711

FILED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

Dear Clerk;

Enclosed please find my Petition For Discretionary Review. Please file this "P.D.R." and bring it to the attention of the Court.

Please date-stamp this letter and return it to me at my address shown below.

I also request that you notify me of the Courts ruling on my Petition.

Sincerely;

Marcus D. Booth #1939959
R2 Sanchez Unit
3901 State Jail Road
El Paso, Tx. 79938

i...

No. 11-14-00258-CR

Marcus D. Booth

v

THE STATE OF TEXAS

## Identity Of Parties and Counsel

**Trial Court:**
Honorable Robin M. Darr
Judge, 385th Judicial District Court
500 N. Loraine St.
Midland, Tx. 79701

**Appellant:**
Marcus D. Booth #1939959
RZ Sanchez Unit
3901 State Jail Road
El Paso, Texas. 79938

**Appellee's Attorney:**
Teresa J. Clingman, District Attorney
Midland County
500 N. Loraine St; Suite 200
Midland Tx 79701

**Appelant's Trial Counsel:**
Brent A. Morgan
1902 W. Illinois
Midland, Texas. 79701

ii...

# Table Of Contents

Cover Sheet...        ... i

Parties...        ...ii

Table Of Contents...        ...iii

Index Of Authorities...        ...iiii

Statement Reguarding Oral Argument...        ...1

Introduction...        ...1

Statement Of Case...        ...2

Statement Of Procedural History...        ...2

Grounds for Review...        ...3-8

Argument...        ...3-8

Prayer for Relief...        ...9

Appendix...        ...10-12

Certification Of Service...        ...13

# Index Of Authorities

| Cases | | Pages |
|---|---|---|
| Ex Parte Acosta (Tex. Crim. App) 1984 679 SW. 2d. 470,472 . . . | | . . . 7 |
| Ex Parte Brown (Tex. Crim. App.) 2005 158 SW 3d. 453(2) . . . | | . . . 7 |
| Ex Parte Torres (Tex Crim App.) 1997 943 SW 2d 469, 425 . . . | | . . . 7 |
| Gordon v State (Tex App 1999) 4 SW 3d 581 . . . | | . . . 3 |
| Humason v State (Tex. Crim App 1987) 728 SW. 2d 363 . . . | | . . . 5 |
| Irvin v State (Tex Crim App 1978) 563 S.W. 2d 920, 923 . . . | | . . . 3 |
| Oaks v State (Tex Crim App 1982) 642 SW 2d 174 . . . | | . . . 5 |
| Strickland v State (S. ct. 2052.80) 446 U.S. S. Ct 668, 687 . . . . . . | | 3 |

# Statement Regarding Oral Argument

Madams/Sirs;

I do not fully understand what I am doing and I have no attorney to help me do this right. I feel it would better benefit me to verbaly argue my case; especially in regards to what all transpired at my trial date when I tried to fire my attorney. So many things are wrong in my case but at the time I was blind to the facts and by putting my trust in my attorney I was unable to avoid the outcome. My lack of knowladge and resources are hindering me; but the opertunity to be asked questions and ask questions would make up for that and possibly bring to lite mistakes I am unaware of. I cant afford to get this wrong.

Thank You For Your Time;
Marcus D. Booth #1939959

# Introduction

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

Myself the appellant, Marcus D. Booth, respectfully submits this Petition For Discretionary Review in accordance with the Texas Rules of Appellate Procedure, in response to the trial court's July 14th 2014; judgment and sentencing of twenty five years; Texas Department of Criminal Justice; and shows the court as follows:

1...

# Statement Of Case

On March 17th 2013 I was arrested and charged with Possession of a Controlled Substance/Tampering with Evidence. I told my attorney Brent Morgan I wanted to challange the Arresting officers probable cause for pulling me from my vehicle which led to the finding of drugs; and also the States accuasation of possession of a much larger amount of drugs found in the street while I was already cuffed in the patrole car. My attorney gave me false facts about my rights and other information about my case. He also withheld damaging evidence from me untill after turning down my first plea of 10 years; which would have effected my decision to turn down the plea. My attorney also allowed undue influence and vendictive statements from people of great power to influence my prosecutors decisions involving my case. At my trial July 14th 2014 I tried to fire my attorney after coming to the conclusion my attorney did not have my best intrest at heart. Judge Robin Darr refused me my Sixth Amendment Rights of effective Councel.

# Statement Of Procedural History

1. Filed motion for Appointment of Councel to Convicting Court "Sept. 2014"
2. Recieved response from 11th District Court of Appeals asking why is my appeal being filed untimely and why am I filing in a plea deal case. "Sept 25 2014"
3. I filed my response "Oct 6th 2014"
4. I recieved they're response "Oct 16th 2014"
5. I filed a "motion for extention of time" to file my PDR to Court of Criminal appeals "Oct 27th 2014"
6. Recieved Response for time extention "Oct 29th 2014"

2...

## Ground One

Ineffective Assistance of Counsel due to my attorney not challenging the arresting officers probable cause for physically pulling me from my vehicle; which led to drugs being found.

## Ground One Argument

On March 17th 2013; I was pulled from my vehicle by a police officer just after pulling into a club parking-lot. (Tex. Code. Crim. Proc. Ann (art 15.22) a person is arrested when he is actually placed under restraint or taken into custody. An arrest occurs at the moment the person's freedom of movement is restricted or restrained.) So by physically pulling me from my vehicle and forcing me up against my car my freedom of movement was restricted. A dollar bill containing cocaine that was in my lap prior to being pulled out of my car fell on the ground and was retrieved by the police officer. (Irvin v State (crim App 1978) 563 S.W. 2d 920 (Arrest 71.1(8)) In order for evidence seized incident to arrest to be admissible; the state must show the exsistance of probable cause at the (563 SW 2d 923) time of arrest or search was made.) The arresting officer did not ask me for license or insurance nor did he give reason for pulling me from my vehicle. (Gordon v State 4 SW 3d 32 (criminal law 394.4(9)/Drugs and Narcotics 185.10) Illegal arrest or detention of defendant without probable cause rendered defendants subsequent abandonment of cocaine involontary thus required suppression of evidence of cocaine as fruit of illegal detention. (Search and Seasures 26,28) Abandonment of property occurs so as to authorize police to take possession of property if the defendant intended to abandon the property and his decision to abandon it was not due to police misconduct USCA Cons. Amen 4.) If the officer would not have pulled me from my car the dollar bill would have not fell on the ground, thus I would not have been charged with possession.

The first time my attorney Brent Morgan came to see me at Midland County Detention Center I told him what happened and that I didn't feel the officer had the right to pull me from my vehicle. He stated that the officer was within his rights; but at that time he had none of the evidence so how could he make that decision. Im no attorney but I found grounds and case law supporting my belief of what happened; why couldn't he? (Strickland v Washington 446 US 668, 687, 104 (S.ct. 2052.80) This requires showing

3...

— that the councel made errors so seriouse that Counsel was not functioning as the counsel guaranted by the Sixth Amendment.)

## Ground Two

Ineffective Assistance of Counsel due to my attorney not challanging credibility of States accusation of possession.

## Ground Two Argument

On March 17th 2013, after being arrested and cuffed for possession of a Controled substance I was escorted by two officers to a police cruiser that was parked in the street; I was searched and and put in the back. While in the back of the police Cruiser I started trying to retrieve another small bag of cocaine from my boxer briefs. Once I retrieved it I emptied it on the seat and started to try and grinde it into the seat using my shorts. All my movement caught the attention of the officers and they came and opened the door and discovered what I was doing. I was pulled from the police cruiser and extensively search; I was then placed on the ground at the back of the cruiser. One officer stood watch over me while the other collected the evidence from the back seat of the police cruiser. After the evidence was collected the officers helped me to my feet; while helping me up one of the officers noticed a small amount of cocaine on the ground where I was just sitting. The cocaine came from my shorts from when I was in the back seat of the patrole car. One of the officers grabed another evidence bag a tried to collect what he could off of the ground. I was then placed back in the patrole car. A few minutes later I noticed the two officers doing a perimeter search of the parking-lot; one of the officers look underneath the front of the patrole car. He stood up and told the other officer to pull the patrole car up; once the patrole car was pulled up one of the officers came to my window and showed me two large amounts of white powder; later tested to be cocaine.

From the time I was walked from my car by 2 officers through a club parking-lot full of cars and people till I was put in the patrole car I never had an opportunity to throw the cocaine under the the front of the patrole car. When the officers pulled me from the vehicle to collect the evidence

4...

-from the back seat, I was extensively searched and placed on the ground at the back of the patrole car by the two officers. Never was I able to throw the cocaine under the front of the patrole car without one of the officers seeing me do so. While sitting on the ground I was watched by one officer while the other collected evidence from the back seat. The inside camera of the patrole car shows how difficult and how much movement I made to retrieve the cocaine I emptied on the back seat, so how would I be able to repeat that same action to retrieve anything that was not found when I was searched while being watched by the officer.

Drugs and Narcotics ∞ 63, 64 - Conviction for possession of illeagle drugs requires that the accused must not only have exercised actual care, control, or custody of substance, but also be conscious of his connection with ins and known what it was; evidence suffices which affirmatively links him to the substance suffices for proof that he possessed it knowingly. The State can not proove this without a reasonable daubt.

Drugs and Narcotics ∞ 65 - Defendant must be affirmatwely linked with drugs allegedly possessed, but links does not have to be so strong that it excludes every other austanding reasonable hypothesis except defendants guilt.

The scene was a crowded club parking-lot in a high crime and drug area, the cocaine found on the ground could've belonged to anyone of a hundred people that were out that night. It's a given that when the police show up you drop your drugs and walk off.

Humason v State (Tex Crim App 1987) 728 SW 2d 363

Oaks v State (Tex Crim App 1982) 642 SW 2d 174

Rule 806 - Attacking and Supporting Credibility of Defendant. / Knowing I wanted to fight the charges why would my Attorney not file motions to challenge this, even after telling him too?

## Ground Three

Ineffective Assistance of Counsel by failing to act as lawyer agent.

## Ground Three Argument

At my first pre-trial in the month of May 2014, my attorney told me the prosecutor is offering 10yrs for the Possession, Tampering, and the 2 Assaults. I told my attorney to see if the prosecutor will drop the 2 assaults and I'll take the 10yrs for the possession/tampering; if not I'll take

-the 10yrs for the possession/tampering and go to trial for the 2 assaults. My attorney came back and told me the prosecutor said; "He cant drop the assaults because he is being pressured by the sheriffs dept to prosecute me and that I have to plea to all four charges together or take all four to trial." I informed my attorney that I did not catch the charges together so I should be able to ple out to them seperately. He told me that's not true; that the prosecutor does'nt have to give me a plea at all. (Penal Code 3.04-Severance) My attorney told me I had no right to seperate my charges but I do have that right. I told my attorney I did not commit the assaults so im not taking the plea. The judge was running late so the prosecutor told my attorney I can consider the deal untill the next pre-trial in June of 2014. A week or two later my attorney said to come see him that he had new evidence, when I came in he told me about the indash camera of the patrole and it made me look bad. He told me I should take the 10 years! I then asked him if TDCJ would treat the assaults 3G; he noded his head yes; I then told him I did'nt commit the assaults so Im not taking the deal. He said "Ok Ill start prepairing for trial". I turned down the 10 years June 2014; a week before my trial date of July 14th 2014; I had a meeting with my attorney and he told me about a damaging phone call I made while in Jail. I asked him why wasn't I told about this before turning down the plea, his reply was "I told you to take the 10 years"!

My attorney and prosecutor denied me my rights to severance. My attorney misinformed me about the assaults being 3G before I turned down the 10 years, but on July 14th 2014 at my trial he told me infront of my Daughters mother Jequaria Lewis; "Oh yeah its not 3G"! Having known that before would have made a big differance in my decision concerning my plea. Also by holding back evidence of the damaging phone call untill after I turned down the plea they caused Serious damage to my decision making concerning my plea. My attorney misinformed me, denied me my rights, and with held vital evidence by which he failed to act as my lawyer agent thus violeting my Sixth Amendment Rights.

---

## Ground Four

---

Ineffective Assistance of Counsel by failing to act as my legal advocate by protecting my rights

6...

# Ground Four Argument

On July 14th 2014; the day of my trial I noticed my attorney was real nervous and unsure which caused me to feel the same. I then told him to see if the 10 years was still on the table. He came back and infront of my daughters mother Jequaria Lewis and myself he said, "The prosecutor said while prepairing for my trial the head D.A. Teresa J. Clingman noticed my name and told him that if I wanted to plea out it's now a minimum 25 years"! The prosecutor told my attorney that the head D.A. said "she has it in for me from a past case in 2005 when she was the prosecutor."

May 2014; at my first pre-trial the prosecutor told my attorney that he cant drop the assaults because the Sheriffs dept. is pressuring him to prosecute me.

Not being an attorney myself I do not know what all my attorney could've done but I do know he should've done something. From what I have read these interferences from the Sheriffs and head D.A. are undue influences; he at least should have tried to change the venue so that I would've had a fair chance.

Ex Parte Brown 158 S.W. 3d 453(2) (Tex Crim App 2005)

as a vast majority of claims of ineffective of counsel; the trial records are insufficient to allow appellate court to resolve the issue, because applicant could not provide such evidence without going outside trial records, he may raise due process claim.

Ex Parte Torres 943 S.W. 2d 469, 475 (Tex Crim App 1997)

Ex Parte Acosta 679 S.W. 2d 470, 472 (Tex Cri App 1984)

# Ground Five

I was denied my Sixth Amendment Rights to effective assistance of counsel by Judge Robin Darr.

# Ground Five Argument

On July 14th 2014, the day of my trial I came to the conclusion my attorney was not properly representing me; especially after he made the comment "I got him a plea deal" because my daughters mother Jequaria Lewis asked him out of frustration "what have you done for him in his case". I told him I wanted to fire him and he told me I had to take it up with the Judge.

Once we were infront of the Judge I voiced that I wanted to hire my own attorney to replace my court appointed attorney. She told me NO! That I had enough time to do so. I do not feel I had enough time; I was incarcerated from March 17th 2013 untill March 12th 2014. During that year I was unaware my attorney was not properly representing me because the last 6 months I was incarcerated in a federal prison with no contact with my attorney. Upon my release March 12th 2014 I was broke and homeless and discovered my daughters mother and my daughter were in a shelter; so when I got out getting on my feet and helping my family were my first concern. From March 12th 2014 till June 12th 2014 was not enough time to get myself and my family situated plus get enough money to hire an attorney; but that was all the time the court gave me.

After I accepted the plea of 25 years the Judge asked me if my attorney represented me right; I wanted to say no but I was to affraid that she would take my plea back and force me to go to trial like she already tried twice while I was on the stand once she heard my reasons why.

I feel Judge Robin Darr denied me my Sixth Amendment Rights by denying me effective assistance of counsel because I wanted to fire my court appointed attorney who was ineffective.

# Prayer for Relief

## Special Prayer

I, the appellant pray in this motion for relief that the Court Of Criminal Appeals reverse and affirm the conviction and sentence of 25 years; or at least reverse and remand back to the convicting court to start the case a new.

## General Prayer

And I the appellant pray for such further or other relief as the nature of the case requires; as may be agreeable in good conscience.

Thank You For Your Time,

Marcus D. Booth

Appellant, pro se

9...



**JIM R. WRIGHT**
CHIEF JUSTICE

**MIKE WILLSON**
JUSTICE

**JOHN M. BAILEY**
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

October 16, 2014

**SHERRY WILLIAMSON**
CLERK

TELE: 254/629-2638

FAX: 254/629-2191

sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

Brent A. Morgan
Law Offices of Thomas S. Morgan
1902 West Illinois
Midland, TX 79701
\* DELIVERED VIA E-MAIL \*

Teresa J. Clingman, District Attorney
Midland County Courthouse
500 North Loraine Street, Suite 200
Midland, TX 79701
\* DELIVERED VIA E-MAIL \*

Carolyn D. Thurmond, Assistant
District Attorney's Office
Midland County Courthouse
500 North Loraine Street, Suite 200
Midland, TX 79701
\* DELIVERED VIA E-MAIL \*

Marcus Dwight Booth
TDCJ #1939959
Sanchez Unit
3901 State Jail Road
El Paso, TX 79938

**RE:** Appellate Case Number: 11-14-00258-CR    Trial Court Case Number: CR42435
**Style:** Marcus Dwight Booth v. The State of Texas

The Court has this day **DISMISSED** the appeal in the above cause. Copies of the Court's opinion and judgment are attached.

TEX. R. APP. P. 68.3 requires the Petition for Discretionary Review be filed with the Clerk, Court of Criminal Appeals.

Respectfully yours,

Sherry Williamson, Clerk

cc:    Robin Malone Darr, Judge (DELIVERED VIA E-MAIL)
       Dean Rucker, Administrative Judge (DELIVERED VIA E-MAIL)
       District Clerk - Midland County (DELIVERED VIA E-MAIL)



In The

# Eleventh Court of Appeals

Nos.11 -14-00258-CR, 11-14-00259-CR, & 11-14-00260-CR

## MARCUS DWIGHT BOOTH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 385th District Court

Midland County, Texas

Trial Court Cause Nos. CR42435, CR42436, & CR42437

## MEMORANDUM OPINION

Marcus Dwight Booth, Appellant, filed an untimely pro se notice of appeal from a conviction for possession of cocaine and two convictions for assault on a public servant. We dismiss the appeals.

The documents on file in these cases indicate that Appellant's sentences were imposed on July 14, 2014, and that his pro se notice of appeal was filed in the district clerk's office on September 22, 2014. When the appeals were filed in this

court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeals may be dismissed for want of jurisdiction. We also noted that the trial court's certifications of Appellant's right of appeal indicated that Appellant has no right of appeal because these were plea-bargain cases and because Appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond to our letter and show grounds to continue. Appellant has responded but has not shown grounds to continue these appeals.

Pursuant to TEX.R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX.R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court seventy days after his sentences were imposed and that no motion for new trial was filed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain these appeals. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeals.

These appeals are dismissed for want of jurisdiction.

PER CURIAM

October 16, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2

## Certificate Of Service

I, the undersigned, hereby certify that on this 9th day of January 2015, a true and correct copy of the following Petition for Discretionary Review was mailed, return receipt requested to:

Marcus D Booth #1939959
R2 Sanchez Unit
3901 State Jail Road
El Paso, Tx. 79938

Sincerely,

<u>Marcus Booth</u>
Appellant, pro se

13...

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Marcus Dwight Booth

DATE OF BIRTH: October 1st 1982

PLACE OF CONFINEMENT: RZ Sanchez Unit

TDCJ-CID NUMBER: 1939959 SID NUMBER: 05770010

(1) This application concerns (check all that apply):

☐ a conviction ☐ parole

RECEIVED IN
COURT OF CRIMINAL APPEALS

☐ a sentence ☐ mandatory supervision

JAN 2 0 2015

☐ time credit ☑ out-of-time appeal or petition for
discretionary review Abel Acosta, Clerk

(2) What district court entered the judgment of the conviction you want relief from?
(Include the court number and county.)

Midland County District Court 385th

(3) What was the case number in the trial court?

CR42435

(4) What was the name of the trial judge?

Judge Robin Malone Darr

Effective: January 1, 2014                    1

Rev. 01/14/14

(5)     Were you represented by counsel? If yes, provide the attorney's name:

Brent Morgan

(6)     What was the date that the judgment was entered?

July 14th 2014

(7)     For what offense were you convicted and what was the sentence?

Possession Of Controled Substance and Tampering With Evidence (25yrs)

(8)     If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

Possession of Controled Substance    25yrs

Tampering With Evidence    25yrs

(9)     What was the plea you entered? (Check one.)

☐ guilty-open plea          ☑ guilty-plea bargain
☐ not guilty               ☐ *nolo contendere*/no contest.

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10)    What kind of trial did you have?

☐ no jury                   ☐ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

NO

(12) Did you appeal from the judgment of conviction?

☐ yes          ☑ no I filed a motion for Appointment of Councel to my convicting court to help me appeal, but they passed it to the Court of Appeals as if I filed an appeal.

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?  11th District

(B) What was the case number?  11-14-00258-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

I filed for an attorney but was not given one.

(D) What was the decision and the date of the decision?  Dissmissed

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes          ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?  _____

(B) What was the decision and the date of the decision?  _____

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes          ☑ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number?  _____

3

(B)  What was the decision and the date of the decision?  _____

(C)  Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☑ no

If you answered yes, please provide the name of the court and the case number:

_____

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A)  What date did you present the claim?  _____

(B)  Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:**
Ineffective Assistance of Counsel due to my attorney not challenging the arresting officers probable cause for physicaly Pulling me from my vehicle.

**FACTS SUPPORTING GROUND ONE:**

I told my attorney to challenge the fact that the arresting officer had no probable cause to pull me from my vehicle, which led to drugs being found.

6

Rev. 01/14/14

**GROUND TWO:**

Ineffective Assistance of Counsel due to my attorney not challanging credibility of States accusation of possession.

**FACTS SUPPORTING GROUND TWO:**

I told my attorney I wanted to challange the fact I was never in possession of the larger amount of cocaine that was found under the police patrole car in a crowded club parking lot in a high crime/drug area.

Rev. 01/14/14

Rev. 01/14/14

**GROUND THREE:**

Ineffective Assistance of Counsel by failure to act as lawyer agent

**FACTS SUPPORTING GROUND THREE:**

I turned down my first plea of 10 years only after being misinformed on several facts and my rights including my case by my attorney. I was also not given certain damaging evidence untill after turning down the plea of 10 years.

Rev. 01/14/14

Rev. 01/14/14

**GROUND FOUR:**

Ineffective Assistance of Counsel by failing to act as my legal advocate by protecting my rights.

**FACTS SUPPORTING GROUND FOUR:**

My attorney knowingly allowed undue influence from the Sheriffs Office to play a role in the prosecutors decision making in my case. My attorney said nothing and did nothing when he learned from the prosecutor that the head D.A. Teresa Clingman made vendictive statements about me and used her power to influence the decision making of the prosecutor in my case.

12

Rev. 01/14/14

Rev. 01/14/14

**GROUND:** Five

I was denied my sixth amendment rights to effective assistance of councel by Judge Robin Darr.

**FACTS SUPPORTING GROUND:**

The day of my trial July 14th 2014, I voiced in open court that I wanted to fire my current court appointed attorney and hire my own. Judge Robin Darr told me NO! That I had enough time to do that already.

14

Rev. 01/14/14

15

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: Marcus D Booth

State bar number, if applicable: TDCJ # 1939959

Address: Sanchez Unit
3901 State Jail Road
El Paso Tx 79938

Telephone:

Fax:

## INMATE'S DECLARATION

I, Marcus D. Booth , am the applicant / petitioner (circle one) and

being presently incarcerated in TDCJ # Sanchez Unit , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on January 9th , 20 15 .

M Booth

Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14

**PETITIONER'S INFORMATION**

Petitioner's printed name: Marcus D. Booth

Address: Sanchez Unit

3901 State Jail Road

El Paso, Tx. 79938

Telephone: _____

Fax: _____

Signed on January 9th, 2015

_____
Signature of Petitioner

18

Marcus Booth #1939959
Sanchez Unit
3901 State Jail Road
El Paso, Tx, 79938

EL PASO TX 799
TUE 13 JAN 2015 PM

Clerk of Court of Criminal Appe
Abel Acosta
PO Box 12303-2308
Austin TX 78711
78711 12303-2308